McADAMS et al. v. WELLS FARGO & CO. EXPRESS.

(District Court, E. D. Louisiana.   February 19, 1918.)

No. 15816.

INTOXICATING LIQUORS ⬭138—INTERSTATE TRANSPORTATION—STATUTES.

Under Act March 3, 1917, c. 162, § 5, 39 Stat. 1069, declaring that whoever shall cause intoxicating liquors to be transported in interstate commerce except for scientific purposes, etc., into any state the laws of which prohibit the manufacture or sale therein of intoxicating liquors for beverage purposes shall be punished, it is unlawful for an interstate carrier to transport for beverage purposes intoxicating liquors from without the state into a Texas county which had adopted prohibition, Rev. St. Tex. 1911, art. 5727, declaring the sale, etc., within prohibition territory of intoxicating liquors with intent to violate the law, to be an offense.

In Equity.   Bill by J. E. McAdams and others against the Wells Fargo & Co. Express.   On application for preliminary injunction. Denied.

E. Howard McCaleb and Edgar Cahn, both of New Orleans, La., for plaintiffs.

Hunter C. Leake and Arthur A. Moreno, both of New Orleans, La., for defendant.

FOSTER, District Judge.   This is a bill by a number of liquor dealers, on their own behalf and on behalf of all other persons similarly situated, to enjoin defendant from refusing to transport wines and liquors from points within the state of Louisiana, particularly Monroe and Alexandria, to Texarkana, Bowie county, Tex.

In answer to a rule nisi on an application for a preliminary injunction the defendant shows that an election was held in Bowie county, Tex., on the 5th day of March, A. D. 1910, at which prohibition carried, and that the defendant has been sued for penalties in excess of $300,000 by the district attorney of Bowie county because of the transportation by it of shipments of liquor into said county.

Plaintiffs rely upon the provisions of the law of Texas (Acts 33d Leg. First Called Session, c. 31 [Vernon's Ann. Pen. Code 1916, arts. 606a–606q]), known as the Allison Act, and upon two decisions of the Court of Criminal Appeals of Texas, to wit, Ex parte Peede (Tex. Cr. App.) 170 S. W. 749, and Longmire v. State, 75 Tex. Cr. R. 616, 171 S. W. 1165, Ann. Cas. 1917A, 726, which decisions hold that a shipment of liquor into Texas for personal use and not for sale is not prohibited by the Webb-Kenyon Act (Act March 1, 1913, c. 90, 37 Stat. 699 [U. S. Comp. St. 1916, § 8739]), or any law of Texas. In the brief filed the plaintiffs have modified their original prayer, and ask that the interlocutary injunction issue only to restrain defendant from refusing shipments of liquor intended for personal use and not for sale.

Since the adoption of the Allison Act and the Webb-Kenyon Act, and the rendition of the above-cited decisions, the Congress has seen

fit to enact additional legislation.   Section 5 of Act March 3, 1917, c. 162, 39 Stat. 1069, provides:

"* * * Whoever shall order, purchase, or cause intoxicating liquors to be transported in interstate commerce, except for scientific, sacramental, medicinal, and mechanical purposes, into any state or territory the laws of which state or territory prohibit the manufacture or sale therein of intoxicating liquors for beverage purposes shall be punished as aforesaid. * * *"

The law of Texas (R. S. 1911, arts. 5715 to 5730) provide for the holding of local option elections.   Article 5727 provides:

"When any such election has been held and has resulted in favor of prohibition, and the aforesaid court has made the order declaring the result, and the order of prohibition, and has caused the same to be published as aforesaid, any person who shall thereafter, within the prescribed bounds of prohibition, sell, exchange, or give away, with the purpose of evading the provisions of this title, any intoxicating liquors whatsoever, or in any way violate any of the provisions of this title, shall be subject to prosecution by information or indictment, and shall be punished as prescribed in the Penal Code."

No question is raised as to the constitutionality of the act of Congress of March 3, 1917, and I anticipate no such contention could be sustained.   It is quite evident that Congress, in adopting said act, intended to aid the states in the enforcement of their prohibition laws. A transcript of the proceedings in the holding of the prohibition election in Bowie county and the subsequent promulgation of the result are in evidence and appear to be regular under the Texas statutes. It seems to me the federal law is broad enough to include the interstate carrier, and it is clear that the sale of alcoholic liquor for personal use is prohibited in Bowie county.   It may be that Congress builded better than it knew in passing the act of March 3, 1917; but there is no doubt that it prohibits the shipment of liquor in interstate commerce for beverage purposes into the dry parts of the state of Texas wherein the sale of liquor is prohibited by the state law, though intended only for personal use.

The application for a preliminary injunction will be denied.